UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 18-20127
                                  Honorable Victoria A. Roberts

RALPH BELL,

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION
FOR SENTENCE REDUCTION [ECF No. 60]</u>**

**I.    INTRODUCTION**

Ralph Bell moves for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [ECF No. 60]. He asks the Court to reduce the remainder of his sentence to time served due to medical reasons and the increased risk of severe illness or death if he contracts COVID-19.

For the reasons below, the Court **DENIES** his motion.

**II.    BACKGROUND**

Bell pled guilty to six counts: Possession with Intent to Distribute a Controlled Substance (Heroin) (Counts 1-3); Aiding and Abetting (Count 2); Possession with Intent to Distribute Controlled Substances (Marijuana) (Count 4); and Possession of Firearms in Furtherance of a Drug Trafficking

Crime (Count 6). In December 2018, the Court sentenced Bell to 18 months in prison on Counts 1-5 and 60 months on Count 6, to run consecutive to Counts 1-5.  Bell has served approximately 40 percent of his statutory sentence.  His earliest release date is September 3, 2024.

Bell is 29 years old and has type 2 diabetes, morbid obesity, hyperlipidemia, and hypertension. He serves his sentence at FCI Petersburg Medium in Virginia.

### III.  DISCUSSION

The sentence reduction statute allows the Court to modify a defendant's term of imprisonment if: (1) he fully exhausts all administrative remedies; (2) he shows both "extraordinary and compelling reasons warrant such a reduction [or release]" and that the reduction or release is consistent with" the Sentencing Commission's policy statements; and (3) the factors in 18 U.S.C. § 3553(a) support the reduction or release to the extent they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); United States Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1; *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021).

#### A. Exhaustion

The Sixth Circuit held that exhaustion of administrative remedies is a "mandatory condition" before a defendant can file a motion for sentence

reduction. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id*. at 835-36. Before a prisoner moves for sentence reduction, he must either (1) fully exhaust all administrative rights to appeal a failure of the BOP to bring a motion on his behalf or (2) wait thirty days after the warden of his facility receives such a request. *Id.* at 832.

Bell did not exhaust administrative remedies before filing his motion. However, after Bell filed his reply brief, the Court held his motion in abeyance so he could properly exhaust.

On July 26, 2021, Bell submitted a request for sentence reduction to the warden at his BOP facility. On August 30, Bell notified the Court that over thirty days had passed, and the warden had not responded. On September 2, the government informed the Court that the warden denied Bell's request on August 20; the government attached the response to its notice.

Bell exhausted administrative remedies.

### B. Extraordinary and Compelling Reasons Do Not Support Bell's Release

The Court acknowledges that extraordinary and compelling reasons may exist in support of Bell's release because of his diabetes, obesity, and

3

hypertension. The CDC recognizes that diabetes, obesity, and hypertension *might* places individuals at an increased risk of serious illness or death from COVID-19. *See* Center for Disease Control, *People with Certain Medical Conditions*, CDC.GOV (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html.

The heightened susceptibility of prison populations to the virus is an additional reason for the release of medically vulnerable inmates. *Miller v. United States*, No. 16-20222, 453 F.Supp.3d 1062, 2020 WL 1814084, at *3 (E.D. Mich. Apr. 9, 2020).

However, Bell's risk of increased illness or death due to COVID-19 is mitigated by his vaccination status and the low infection rate at FCI Petersburg.

Bell is fully vaccinated against COVID-19. He received his first dose of Moderna in May 2021 and his second in June 2021. Clinical trials found that the Moderna vaccine is 94.1% effective against symptomatic COVID-19. Center for Disease Control, *Moderna Covid-19 Vaccine Questions*, CDC.GOV (June 11, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different_vaccines/Moderna.html. Data also indicates that Moderna is effective against emerging COVID-19 variants, including the Delta variant. *See* Kathy Katella, *5 Things to Know About the Delta Variant*,

YALEMEDICINE.ORG (July 15, 2021), https://www.yalemedicine.org/news/5-things-to-know-delta-variant-covid.

The Court acknowledges that COVID-19 is highly infectious, particularly in crowded federal detention centers. *See United States v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020). But, infection rates are low at FCI Petersburg. As of September 1, 2021, FCI Petersburg has zero COVID-19 cases. Bureau of Prisons, *COVID-19*, BOP.GOV, https://www.bop.gov/coronavirus/ (last visited September 1, 2021). The government notes that infection rates at FCI Petersburg have remained low for weeks. Bell's probability of infection is likely as low as it would be in a home setting.

Because Bell is fully vaccinated against COVID-19 and the infection rate at FCI Peterburg is low, the Court finds that "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-20753, 2021 U.S. Dist. LEXIS 20421, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).

**C. The § 3553(a) Sentencing Factors Do Not Favor Bell's Release**

The § 3553(a) factors weigh against Bell's release. Bell has only served about 40 percent of his sentence. Although Bell's offenses were not violent, they were serious. Release at this juncture would not reflect the

seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

To the extent that Bell argues that Korey Sanders' sentence creates a sentencing disparity, the Court disagrees. See *United States v. Korey Sanders*, 17-20740, ECF No. 61 (E.D. Mich. Jan. 22, 2020). Sanders is a criminal defendant in a different case. Bell argues that throughout this case, the government asserted that he maintained a close affiliation with Sanders. The government says that Bell supplied drugs to Sanders. Bell says Sanders is the leader of the "Smokecamp" gang and argues that Sanders' criminal conduct was more serious than his, yet his sentence was lower.

Regardless of their affiliation, Sanders pled guilty to: RICO Conspiracy; Willful Engagement in Firearms Business Without a License; and Possession with Intent to Distribute a Controlled Substance. *Id.* Judge Drain sentenced Sanders to 72 months imprisonment. *Id.* This Court sentenced Bell to 78 months – well below the guideline range of 106-117 months.

Bell and Sanders are not comparable. They were charged in different cases, with different crimes, pled guilty to different charges, and were sentenced by different judges. Bell's firearm offense carried a 60-month mandatory minimum, which – by law – had to be imposed consecutively to

6

his other counts. Moreover, although § 3553(a)(6) addresses sentencing disparities, it "concerns national disparities within a class of similar defendants, not disparities between one defendant and another." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Bell has not argued a national disparity. The Court finds this argument unpersuasive.

### IV. CONCLUSION

The Court **DENIES** Bell's motion for sentence reduction. [ECF No.60].

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 13, 2021